# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. THOMAS AND ST. JOHN

ISLAND GREEN, LLC,

                   Plaintiff,                   3:10-cv-33

    v.

STEWART TITLE GUARANTY COMPANY,
PREMIER TITLE COMPANY, INC., and
KEVIN F. D'AMOUR,

                   Defendants.

TO:    Simone R.D. Francis, Esq.
         John H. Benham, III, Esq.

## ORDER

THIS MATTER came before the Court upon Plaintiff's Motion For Enlargement of Time to Effectuate Service and to Allow Service by Publication (Docket No. 5). Plaintiff seeks additional time within which to serve Defendants Premier Title Company, Inc., and Kevin F. D'Amour, as well as leave to serve said Defendants by publication.

In the Virgin Islands, V.I. Code Ann. tit. 5, § 112(a) provides for substituted service by publication "[w]hen service of the summons cannot be made as prescribed in Rule 4 of the Federal Rules of Civil Procedure, and the defendant after due diligence cannot be found within the Virgin Islands, and when that fact appears by affidavit to the satisfaction of the

district court . . . ." *Id*. However, such substituted service is allowed only in the following cases:

> (1) When the defendant is a foreign corporation, and has property within the Virgin Islands, or the cause of action arose therein;
>
> (2) When the defendant, being a resident of the Virgin Islands, has departed therefrom with intent to defraud his creditors or to avoid the service of the summons, or with like intent keeps himself concealed therein, or has departed from the Virgin Islands and remained absent therefrom six consecutive weeks;
>
> (3) When the defendant is not a resident of the Virgin Islands, but has property therein, and the court has jurisdiction of the subject of the action;
>
> (4) When an action is to have a marriage declared void, or for a divorce in the cases prescribed by law;
>
> (5) When the subject of the action is real or personal property in the Virgin Islands, and the defendant has or claims a lien or interest actual or contingent therein, or the relief demanded consists wholly or partly in excluding the defendant from any lien or interest therein; or
>
> (6) When the action is to foreclose, satisfy, or redeem from a mortgage, or to enforce a lien of any kind on real estate in the Virgin Islands, or satisfy or redeem from the same.

V.I. Code Ann. tit. 5, § 112(a)(1)-(6)(2008).

While Plaintiff has not specified how this case comes within the scope of Section 112(a), the allegations make it appear that subparagraphs 1 and/or 2 may apply. In support of its motion, Plaintiff attaches a copy of an electronic mail message from the company it

retained to serve process upon said Defendants in New Jersey. Plaintiff states that it is awaiting an affidavit from its process server in St. Thomas. No other evidence of Plaintiff's attempts to locate said Defendants has been presented.

> [D]istrict courts in the Third Circuit have repeatedly held that a plaintiff moving for alternative service, such as service by publication, must establish three elements: (1) a good faith effort to locate the defendant; (2) practical efforts to serve the defendant under the circumstances; and (3) a method of alternative service that is reasonably calculated to provide the defendant with notice.

*Barbosa v. Dana Capital Group, Inc.*, Civil Action No. 07-cv-1724, 2009 WL 902339 at *4 (E.D. Pa. March 31, 2009) (slip copy) (footnote omitted) (citations omitted).

With regard to the first element, the Court is guided by the Pennsylvania Rule of Civil Procedure 430(a) that identifies good faith efforts as including: "(1) inquiries of postal authorities including inquiries pursuant to the Freedom of Information Act, 39 C.F.R. Part 265, (2) inquiries of relatives, neighbors, friends, and employers of the defendant, and (3) examinations of local telephone directories, voter registration records, local tax records, and motor vehicle records." Pa. R. Civ. P. 430(a), note. Plaintiff is silent as to any good faith efforts made to locate and serve said Defendants beyond the e-mail attached to its motion as Exhibit A to Exhibit 1 from the company retained to effectuate service in New Jersey. The Court finds Plaintiff's efforts lacking.

Based upon the foregoing, the Court finds that Plaintiff has not met its burden of showing that it is entitled to serve Defendants Premier Title Company, Inc., and Kevin F. D'Amour by publication. However, the Court will allow Plaintiff additional time to effectuate service.

Accordingly, it is now hereby **ORDERED**:

1. Plaintiff's Motion For Enlargement of Time to Effectuate Service and to Allow Service by Publication (Docket No. 5) is **GRANTED IN PART AND DENIED, WITHOUT PREJUDICE, IN PART**.

2. Plaintiff shall have an additional sixty (60) days from the date of entry of this order to complete service upon Defendant Premier Title Company, Inc., and Defendant Kevin F. D'Amour.

3. In the event Plaintiff's further efforts to serve said Defendants are unsuccessful, Plaintiff may file a second motion for service by publication.

ENTER:

Dated: July 26, 2010
/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE